FÉLIX BENÍTEZ REXACH y FERNANDO CASO, demandantes y apelantes, *v.* EL MUNICIPIO DE BAYAMÓN; DEL VALLE & CO., CARLOS F. DEL VALLE, DIRECTOR GERENTE; y GUILLERMO S. ESTEVES, COMISIONADO DEL INTERIOR, demandados y apelados.

No. 5368.—*Sometido:* Enero 13, 1931. *Resuelto:* Julio 7, 1932.

*C. Coll y Cuchí,* abogado de los apelantes; *Bolívar Pagán,* abogado del Municipio apelado; *Guerra-Mondragón & Soldevila,* abogados de Del Valle & Co.; *Hon. Attorney General James R. Beverley* y *M. Rodríguez Serra,* abogados del Comisionado del Interior.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los apelantes radicaron en la Corte de Distrito de San Juan un pleito ordinario para anular la buena pro de una subasta adjudicada por la junta administrativa del municipio de Bayamón. Se presentó una petición de *injunction pendente lite.* Después de celebrada una vista la Corte de Distrito de San Juan se negó a expedir el llamado *injunction* preliminar. Los demandantes apelaron.

La primera proposición con que nos confrontamos en este caso es una de prescripción. La Corte de Distrito

de San Juan resolvió que de conformidad con el artículo 83 de la Ley Municipal de 1928 cualquier acción que hubiese surgido en favor de los demandantes debió haberse entablado dentro de los treinta días de la adjudicación hecha en este caso. La corte manifestó:

"De acuerdo con el artículo 83 de la vigente Ley municipal de 28 de abril, 1928 (No. 53 de 1928), las cortes de distrito tendrán jurisdicción, a instancia de parte perjudicada, para suspender mediante *injunction* la ejecución de cualquier ordenanza, acuerdo, resolución u orden que lesione derechos garantizados por la constitución o por las leyes de Puerto Rico; pero en este caso la parte perjudicada podrá solamente establecer la demanda de *injunction* dentro del plazo de 30 días a contar de la fecha en que el acto ejecutivo o administrativo haya sido realizado o que la ordenanza, acuerdo, resolución u orden hayan sido promulgados o comunicados a la parte querellante. El *injunction* puede dirigirse contra la Asamblea Municipal, la Junta Administrativa, el Alcalde, o cualquiera de los demás funcionarios municipales. La Junta de Subastas es la misma Junta Administrativa, que está compuesta por todos los funcionarios administrativos, excepto el Auditor y el Secertario, y entre cuyas facultades está la celebración y adjudicación de subastas."

La mayor dificultad con que hemos tropezado, ha sido que el día de la vista los apelantes radicaron un alegato adicional en que alegan que no existía tal prescripción toda vez que para fijar el término a partir del cual empezaba a transcurrir el período prescriptivo, dicha adjudicación tenía que ser aprobada por el Comisionado del Interior y que en su consecuencia el pleito por ellos instituído fué comenzado dentro de los treinta días de tal aprobación. Durante la vista se concedió permiso a los apelados para radicar un memorándum adicional si así lo creían conveniente. Este memorándum nunca ha sido archivado. Es bastante evidente que si los demandantes hubiesen instituído su procedimiento antes de que el Comisionado del Interior aprobara la adjudicación, este funcionario lo mismo que los otros demandados, habría alegado que no existía causa de acción, ya que

el Comisionado no había impartido su aprobación conforme exige la ley.

Si bien generalmente la prescripción debe empezar a correr a partir de la fecha de una supuesta ordenanza o acto, esto no puede ser cierto cuando hay que dar algún otro paso antes de que tales ordenanza o acto sean efectivos. De igual modo, dudamos que los apelantes en realidad se estén quejando de ordenanza alguna del municipio, o meramente de la forma de su ejecución.

Otra cosa que se nos ha ocurrido durante la consideración de este caso es que los apelados, que alegaron la prescripción, no demostraron la fecha en que el Comisionado del Interior aprobó la adjudicación. Naturalmente, la persona que invoca la prescripción debe probar la fecha en que la misma habría de comenzar. Bajo estas circunstancias nos sentimos obligados a entrar en los méritos del caso.

La Corte de Distrito de San Juan como fundamentos adicionales para denegar el *injunction* solicitado resolvió que los postores que obtuvieron la buena pro habían cumplido con las disposiciones de la ley o de los anuncios de subasta, según sea el caso, y que Félix Benítez Rexach y Fernando Caso, los aquí peticionarios, no lo habían hecho.

Durante la vista este caso fué consolidado con el de Manuel Y. Saldaña contra los mismos demandados. Se radicó una estipulación a ese efecto. Los apelados, o uno de ellos, sostienen que en el caso de Saldaña se archivó un alegato, mas no en el presente. Sin embargo, una copia escrita a máquina del alegato del caso de Saldaña fué archivada en el presente y en vista de la estipulación de las partes debe ser considerada como un alegato corriente.

Los apelados atacan el interés o la capacidad de los demandantes para impugnar la ordenanza o la adjudicación. Quizá el Sr. Saldaña, como contribuyente de San Juan, no tenía derecho a presentar la demanda. Discutiremos posteriormente este aspecto del caso. Empero, somos de opinión

■■■■■■ ■■■■

que siendo Benítez Rexach y Caso licitadores que no obtuvieron la buena pro tenían una causa de acción si la adjudicación fué hecha indebidamente.

■■ En este caso surgió un contrato o entendido entre los municipios de San Juan y Bayamón a virtud del cual este último se haría cargo de la ampliación del acueducto. Los derechos de propiedad o de posesión a esta obra permanecerían bajo el dominio del municipio de San Juan, y el municipio de Bayamón habría de recibir su compensación mediante el suministro de agua. En un contrato posterior se convino que toda vez que al municipio de Bayamón sólo le sería posible pagar $50,000 de los $85,000 calculados como el costo del trabajo, el municipio de San Juan obtendría un préstamo por los $35,000 restantes, a condición de que Bayamón a su vez pagara esta suma a San Juan bajo ciertas condiciones. Las autoridades citadas por las partes sobre el derecho de los municipios de San Juan y Bayamón para emprender un proyecto de esta clase no son muy satisfactorias. Sin embargo, cada uno de los municipios envueltos era una entidad política con ciertos poderes generales inherentes. Cada uno de ellos esperaba derivar un beneficio del proyecto y no creemos que el hecho de que el municipio de Bayamón más bien que el de San Juan emprendiera el trabajo, fuera *ultra vires* bajo las circunstancias. En lo que a los licitadores concernía, el municipio de Bayamón no tenía que explicar el origen del convenio celebrado con el municipio de San Juan. Quizá cualquiera que tomara parte en la subasta podría difícilmente suscitar la cuestión. Tal vez podría surgir un impedimento (*estoppel*) en su contra.

■ Abrigamos algunas dudas respecto a si Manuel Y. Saldaña, vecino y contribuyente de San Juan, tenía suficiente interés para iniciar este litigio, por lo menos en ausencia de la alegación de que el municipio de San Juan sufriría algún detrimento. Empero, aun suponiendo que lo tuviera, y yendo a los méritos, según hemos indicado, somos del criterio de que los dos municipios podían celebrar el

convenio y de que los intereses de los contribuyentes de San Juan no fueron perjudicados en forma alguna. La Ley Municipal exige que una acción de esta clase sea incoada por una persona que sufra algún perjuicio.

No creemos que las alteraciones hechas en la forma de pago a los contratistas, de las cuales se quejan los apelantes, afectaran substancialmente los derechos de alguien.

█ Tampoco nos convencen los apelantes de que el municipio de Bayamón, suponiendo que tuviera facultad para celebrar el contrato, tal cual nosotros lo entendemos, no podía elegir el postor a quien se le adjudicara la buena pro no obstante el que otra persona pudiera haber hecho una oferta más baja. En ausencia de fraude, claro abuso de discreción u otro elemento similar, creemos que el municipio podía hacerlo.

Los apelados sostuvieron que como la Ley Municipal fijaba los remedios de que podía valerse una parte, no procedía ninguna otra acción. Como este caso se resuelve por otros fundamentos y la cuestión no fué bien desarrollada en los alegatos, no la discutiremos.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.